BEFORE THE THIRD DIVISION, AUGUST 4, 1955

**No. 59243.**—Dorf International, Ltd. *v.* United States, protest 254437–K (New York).

Opinion by JOHNSON, J. It was stipulated that the appraiser reported that five of the imported articles were not produced prior to 1830 but that the balance, items numbered 50, 59, 63, 70, and 83, were so produced. It was further stipulated that all of the customs regulations have now been complied with and had such regulations been complied with at the time of the review of the protest herein, the items returned by the appraiser as produced prior to 1830 would have been granted free entry under paragraph 1811, and the 25 percent ad valorem additional duty under section 489 would not have been assessed. Following *Mrs. Kimball G. Colby* v. *United States* (62 Treas. Dec. 571, T. D. 46010), it was held that since the articles involved herein were not imported for sale, they are not subject to the additional duty of 25 percent assessed under section 489, as that provision is expressly limited to articles rejected under paragraph 1811 and imported for sale. It further appearing from the official papers and the agreed statement of fact that items numbered 50, 59, 63, 70, and 83 are artistic antiquities produced prior to 1830, said items were held entitled to free entry under paragraph 1811, as claimed.

**No. 59244.**—C. A. Emery & Company *v.* United States, protests 170874–K, etc. (St. Albans).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

AUGUST 4, 1955

**No. 59245.**—SUIT 4816.—Scap Foreign Trade, N. Y. *v.* United States.—

—C. D. 1603. (Appeal dismissed May 24, 1954, to correct appellants' name. See Abstract 59246 relating to suit 4819, which was substituted for suit 4816.)